## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**                                  **Case No. 4:15-cr-00196-01 KGB**

**TYLON CALVIN KING**                                                             **DEFENDANT**

## ORDER

Before the Court is defendant Tylon Calvin King's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 155).  The government responded in opposition (Dkt. No. 158).  Mr. King replied to the government's response (Dkt. No. 159).  At the Court's request, the government provided under seal Mr. King's medical records (Dkt. No. 162).  Also before the Court are Mr. King's motion to appoint counsel and renewed motion to appoint counsel (Dkt. Nos. 151; 153).  For the following reasons, the Court denies Mr. King's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and the Court denies as moot Mr. King's motion to appoint counsel and renewed motion to appoint counsel (Dkt. Nos. 155; 151; 153).

### I.       Background

On or about February 27, 2018, Mr. King pled guilty to one count of distribution of methamphetamine actual in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Dkt. Nos. 90-92).  The Court sentenced Mr. King on August 29, 2018, to 130 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 104, 105).   Mr. King did not appeal his sentence.

In the pending motion, Mr. King states that he should be granted compassionate release because of the COVID-19 pandemic, alleging that he has underlying health conditions.  Mr. King also contends that compassionate release is warranted because:  (1) his step-father has stage IV colon cancer and he needs a caregiver because his mother is working, (2) he claims there is a

sentencing disparity between himself and his co-defendant, and (3) he asserts extraordinary and compelling reasons warrant a sentence reduction under § 3582(c)(1)(A)(i) (Dkt. No. 155, at 6-16). Mr. King attaches to his motion his stepfather's medical records evidencing his stepfather's diagnosis with stage IV colon cancer, certificates of achievement from courses Mr. King has completed while in the BOP, letters of support for his sentence reduction, and a proposed release plan.

The government acknowledges that Mr. King submitted a request for compassionate release to the warden of his BOP facility on September 6, 2021 (Dkt. No. 158, at 2).  The government argues that compassionate release is not warranted in this case (*Id*.).

## II.    Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. King.

## A.      Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).  Mr. King seeks compassionate release.  As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. King seeks relief from this Court under the CARES Act, the Court denies his motion.

3

### B.   Compassionate Release

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The

examples are:  (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. King is 39 years old.  In his motion, Mr. King states that he has medical conditions including hypertension, high cholesterol, and obesity that the Centers for Disease Control ("CDC") have recognized as associated with higher risk for contracting or being unable to recover from COVID-19.  Mr. King's medical records do not indicate that he has tested positive for COVID-19 but do reveal that he been vaccinated for COVID-19 (Dkt. No. 162).

In the Court's assessment, Mr. King meets neither the minimum age requirement nor the served-time requirement under the Guideline.  Further, the Court determines that, on the record presented, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release.  The Court recognizes Mr. King's circumstances and concerns.  However, these circumstances and concerns, taken alone or together with his medical concerns, do not present "extraordinary and compelling" reasons for release.

The government argues that Mr. King poses a danger to the community if he were to be released and cannot satisfy the 18 U.S.C. § 3553(a) factors this Court is to consider. Even if Mr. King could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.

The Court recognizes that Mr. King cites to his stepfather as grounds for relief. The documentation attached to Mr. King's motion and reply does not indicate, however, that Mr. King is the only person who can assist his mother in caring for his stepfather. In his reply to the government's response, Mr. King states that the Social Security Administration has found Mr. King's stepfather to be disabled. Mr. King does not claim, however, that his stepfather requires round-the-clock care or that other friends or family members are unable to provide the assistance that his step-father requires (Dkt. No. 159). Although the Court is sympathetic to Mr. King's stepfather's health situation, the Court cannot conclude now that this is an extraordinary or compelling reason sufficient to qualify for compassionate release on this ground. Each criminal defendant who appears before the Court puts his or her family through hardship as a result of criminal conduct; this circumstance unfortunately is not unique to Mr. King.

Further, Mr. King argues that he should be granted compassionate release because of sentencing disparities between himself and his co-defendant (Dkt. No. 155, at 8). Mr. King states that he was arrested after an investigation during which he sold drugs to a confidential informant. Mr. King asserts that this was part of a larger investigation (*Id*.). Mr. King was only indicted with one co-defendant. Mr. King calls attention to the fact that the Court sentenced Mr. King to 130 months in the BOP and sentenced his co-defendant who pled guilty to the same offense to 77 months in the BOP (*Id*.). Mr. King does not, however, take into consideration any of the factors

6

the Court considered at sentencing.  Mr. King and his co-defendant had different total offense levels as calculated in their Presentence Investigation Reports, with his co-defendant having a lower level.  Further, Mr. King pled guilty to a charge with a statutory mandatory minimum sentence of 120 months.  At sentencing, the Court varied two levels down for both Mr. King and his co-defendant.  The Court does not view the differences in the sentences between Mr. King and his co-defendant in this case as an extraordinary and compelling reason justifying granting compassionate release.

Mr. King pled guilty to an offense involving drugs.  Mr. King has prior convictions for aggravated criminal sexual assault, felon in possession of a firearm, criminal mischief and battery, possession of cocaine, failing to comply with the sex offender registration requirements, and residential burglary.  Based on these events, when given the opportunity to do so in the past, Mr. King has failed to conform his conduct to what the law requires.  The Court understands that Mr. King has taken steps toward rehabilitation, has a release plan, and intends to assist his mother with the care of his stepfather.  The Court commends him for all of these, but based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.  *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).

### III.    Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. King's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and denies as moot Mr. King's motion to appoint counsel and renewed motion to appoint counsel (Dkt. Nos. 155; 151; 153).

It is so ordered this 11th day of July, 2022.

Kristine G Baker
United States District Judge